## DELAY IN OBJECTING TO THE METHOD OF SELECTING JURY.

### Common Pleas Court of Franklin County.

### WESLEY C. BATES v. STATE OF OHIO.

#### Decided, October Term, 1914.

*Libel and Slander—Prosecution for—Review of the Proceedings—Trial Before a Jury Not Drawn from the Wheel Not Prejudicial to the Defendant, When—Exception to the Array Must be Taken Before the Jury is Impanneled—Privileged Matter—Failure to File Bill of Exceptions—Two Affidavits Pending at the Same Time—Section 11436.*

1. The method of selecting jurors, in the absence of a challenge to the array, is not a part of the trial of the cause, and when no such timely challenge is made can not be complained of by the defendant, who is concerned only in having the jury made up of citizens from the vicinage.

2. Matter does not become privileged by reason of the fact that it is published before a court in an ex parte way or privately to the court, but not in a judicial proceeding.

3. The failure of the trial judge to file the bill of exceptions is not a matter of which advantage can be taken to the prejudice of the defendant in a criminal case; nor does the fact that the trial judge has appended his signature to the bill, and thereby certified that it is a true bill, require a reviewing court to close its eyes to the evident fact that it is a partial or mutilated document and proceed to make findings on questions arising on such bill.

4. It is not error to overrule a motion to dismiss a prosecution for libel on the ground that another affidavit is pending in the same court between the same parties upon the same complaint, nor is it error to require the state to elect between the affidavits.

*Emmett Tompkins* and *W. C. Bates,* for plaintiff.
*M. R. Patterson* and *Franklin Rubrecht,* contra.

BIGGER, J.

This is a petition in error, brought to reverse a judgment of the police court of this city. The petition in error charges that the court below committed numerous errors, but upon the hear-

ing of the petition in this court only two questions were argued and relied upon to secure a reversal of the judgment below. These are, that the court below erred to the prejudice of the defendant by impaneling a jury which was not selected and drawn from the wheel in accordance with provisions of the statute, and that the court erred in overruling a demurrer of the defendant to the affidavi upon which the prosecution was founded.

And first, as to the alleged error in impaneling a jury which was not drawn in accordance with the provisions of the statute. It does not appear from the record that any objection was made upon the trial to the array of jurors from which a jury was selected to try the defendant. The journal entry upon the subject of the impaneling of the jury is as follows: .

"This day this cause came on for hearing, and the defendant being present in open court, and the defendant having heretofore demanded a trial by jury, and the following jurors were impaneled and sworn."

Now it is first to be noticed that there is nothing upon the record to show how the jurors were drawn or selected, nor would we expect to find that upon the record of the proceedings upon the trial. It is true that the Supreme Court of this state held in the case of *Palmer* v. *State*, 42 Ohio State, 596, that the impaneling of a jury is embraced in the trial of a cause. There is, however, a difference between drawing a jury and impaneling a jury. A jury is impaneled in open court upon the trial, and the proceedings take place in open court, but the drawing of jurors is not required by law to be made in open court and does not take place in open court. The selection and drawing of jurors takes place before and preliminary to the trial of a cause, and the method by which the jurors are selected and drawn is not a part of the trial and could not, in the nature of things, appear in the record of the proceedings upon the trial, except where there is a challenge to the array, in which case it may, by evidence, be brought upon the record. While it was held in the case of *Palmer* v. *State, supra,* that the impaneling of the jury was embraced in the trial of a cause, it was never held that

the selection and drawing of jurors was a part of the trial of a cause, where the question is not raised by challenge to the array on the ground that the jurors were not selected and drawn according to law.   In the case of *State* v. *Barlow*, 70 Ohio State, 363, the Supreme Court decided that:

"The manner of selecting or drawing jurors concerns the public rather than the parties in a cause.   The statutory provision therefore relates neither to the right of a party as to the merits nor to the remedy for the vindiction of that right within the meaning of Section 79, R. S."

In the opinion reference is made at page 377 to the case of *Palmer* v. *State, supra,* where it is said:

"*Palmer* v. *State*, 42 Ohio State, 596, and *Cincinnati* v. *Davis*, 58 Ohio State, 225, are cited as sustaining the judgment of reversal.   The question in the Palmer case arose on the impaneling of the jury and involved the competency of individual jurors. Nobody doubts that a party who is to be tried by a jury is entitled to a fair and impartial jury of good and lawful men."

So far as the record shows, and in the absence of a challenge to the array, it can not appear and does not appear but that the jurors may have been drawn from the jury wheel of the county as defendant's counsel claims it should have been drawn. The record of the trial could not show proceedings which did not take place in open court at the trial.   There is no means by which such matters could be brought upon the record except by challenging the array and thus bringing it to the attention of the court and calling upon the court for a ruling which, if adverse to the defendant's contention, could be taken advantage of by an exception to the ruling and prosecuting error to the ruling. The defendant was entitled to a trial by a jury of good and lawful men, and the court has no doubt that if objection had been made in time he would have been entitled to a trial by jurors selected and drawn in accordance with the statute upon the subject, but it seems to be settled that if the defendant desires to challenge the array, it must be done before the jury is impaneled and sworn, and that after the jury is impaneled and sworn and the trial had, that it is too late to raise objections to the manner

of selecting and drawing jurors.   The statute of this state, Section 11436, General Code, provides how objections may be made to the array.   It is provided that:

"A challenge to the array may be made and the whole array set aside by the court when the jury, grand or petit, was not selected, drawn or summoned, or when the officer who executed the venire did not proceed as prescribed by law.   But no challenge to the array shall be made, or the whole array set aside by the court by reason of the misnomer of a juror or jurors, but on challenge a juror or jurors may be set aside by reason of a misnomer in his or their names, but such challenge shall only be made before the jury is impaneled and sworn, and no indictment shall be quashed or verdict set aside for any such irregularity or misnomer if the jurors who formed the same presented the requisite qualifications to act as jurors."

It seems entirely clear that this is the only method by which a defendant can take advantage of irregularities in the selection and drawing of jurors, and it has been so decided in this state (*Forsythe* v. *State,* 6 Ohio, 19; *Ickes* v. *State,* 16 Circuit Court, 31).   The syllabus in the last case is "challenge to the array after the impaneling of the jury has been begun, comes too late."   It appears from the statement of the case that the array in that case was challenged after a single juror had been challenged for cause, and it was held to be too late.   That this is the general rule in other jurisdictions, see 17th American & English Encyclopedia of Law, 1113, and cases cited; 24 Cyc., 330, and cases cited.   If the array had been challenged it may be that such challenge should have been sustained, but unless it affirmatively appears that the rights of the defendant were impaired, the authorities are clear that irregularities in the selection and drawing of jurors can not be taken advantage of after trial.   The only interest of the defendant was that he should be tried by good and lawful men having the qualifications of jurors.   The affidavit charging the offense, charged the offense to have been committed within the city of Columbus, and if it be assumed (although the record does not show it and could not, in the absence of a timely challenge so that the court might pass upon it), that the jurors were selected and drawn by a jury

commission appointed for the city and from residents of the city, how could this be prejudicial to the defendant, if they had the qualifications of jurors. As was said by Judge Shauck in the case of *State* v. *Fendrick,* 77 Ohio State, 298, if they had been drawn from the wheel at the court house the same jurors might have been drawn and impaneled, as the great bulk of the jurors in the wheel in the court house come from the city, and he further says that whether they were drawn from the larger or more restricted district, their qualifications would necessarily be the same.

Whether they were drawn from the wheel at the court house, or from the city's jury wheel, they were jurors from the vicinage of the alleged offense, and the same objections were open to the defendant to their qualification as would have been open to him if they had been drawn from the entire body of the electorate of the county. Our Supreme Court has more than once announced the principle that the selection and drawing of jurors is a matter which more especially affects and concerns the public than the parties. The defendant was concerned in having a jury of citizens from the vicinage of the alleged offense who possessed the qualifications of jurors, and if he had been tried by a jury thus selected, the manner of their selection in the absence of a timely challenge can not be complained of. The court concludes, therefore, that the record discloses no error in this respect, and that it could not so disclose any error unless there had been a challenge to the array. Some claim has been made that this affected the jurisdiction of the court. But this is not a jurisdictional question. The court had jurisdiction of the subject-matter, that is, of the offense charged in the affidavit, and it had jurisdiction of the person of the defendant for he appeared and defended against the charge. I find no authority to suuport the contention of the defendant in this regard and none has been cited.

In the case of *Hulse* v. *State,* 35 Ohio State, 421, the array was challenged. The same is true in the case of *McGill* v. *State,* 34 Ohio State, 237. *Cantwell* v. *State,* 18 Ohio State, 477, is not in point upon the question here involved. *Whitehead* v. *State*

decides that parties may waive the statutory right of trial by a struck jury, but in that case demand was made for it and the court held that it did not appear they were too late in making it.

The court did not commit any error upon this question because it was never presented to the court for its decision.

The next question is that the affidavit was demurrable or did not state an offense. This contention is founded upon the claim that the matter alleged to be libelous was absolutely privileged. But it seems clear that this view can not be sustained. The complaint which was published was not a judicial proceeding. It was purely *ex parte* and nothing more than a complaint such as any individual might make privately to this court. There is no provision of law for a judicial hearing of such a complaint. The range of absolutely privileged communications is very limited. The law upon this subject seems to be settled in this state by the decision of the Supreme Court in the case of *Cincinnati Gazette Company* v. *Timberlake,* 10 Ohio State, 548.

It is also alleged in the petition that he court erred in overruling the motion of plaintiff in error to dismiss the action because another affidavit was pending in said court between the same parties upon the same complaint. And also that there was error in requiring the plaintiff in error to go to trial while another affidavit was pending and undisposed of between the same parties, upon the same ground, and that the court erred in permitting the state to elect to go to trial upon the affidavit filed on March 21 while another filed on March 14 was pending and undisposed of. But the pendency of another affidavit was not ground for dismissing the action, nor was there any error in requiring the state to elect between the affidavits. See *Wilson's Ohio Criminal Code,* 9th edition, page 692. This is in accordance with the statute of the state, Section 13578, General Code.

The other errors alleged are such as arise upon a bill of exceptions. In this case it appears from the transcript that a bill of exceptions was presented to the judge of the police court, and that the judge found the same to be correct, and allowed and signed the same, but it does not appear that it was filed as re-

quired by the statute. This, however, I am satisfied is a matter which in itself can not be allowed to prejudice the rights of defendant. This is made the duty of the judge of that court by statute, and the failure on his part to file it, is not a matter of which advantage can be taken to the prejudice of the defendant. The judge of that court has transmitted to this court a bundle of loose sheets, without any binding. The exhibits are sent under a separate cover, not attached to the bill of exceptions. Upon what seems to be the last sheet appears the signature of the judge. Upon an examination of this bundle of typewritten pages, it is evident that it contains evidence taken upon the trial of the defendant in the court below, and it is equally evident that there is a considerable portion of it missing. This being true, it appears from the bill itself that it is not a true and complete bill of exceptions, notwithstanding the certificate of the trial judge. At one point in the transcript of the evidence one entire session of the court is ommitted, it appearing that the court adjourned at noon until 1:30 o'clock, and the entire record of that session is missing. At many other points it is apparent that considerable portions are missing and this is admitted to be true by both parties. Unquestionably the signature of the trial judge that a bill of exceptions is a true bill can not require a court to close its eyes to the evident fact that it is only a partial or mutilated document. If between the time of the signing of a bill of exceptions and its transmission to the reviewing court, it should be evident from the bill itself that it has been mutilated, certainly the court is not bound to overlook this evident fact because of the certificate of the judge. Clearly, therefore, this court is not in a position to review and pass upon the sufficiency of the evidence in this case, nor upon the rulings on evidence upon the trial. No argument has been made in support of the claim made in the petition that errors occurred in the rulings of the court, nor have any alleged errors been pointed out. While it is doubtless true that it is the certificate of the trial judge which gives verity to a bill of exceptions and the court can not hear any evidence upon this subject, yet it is agreed by both parties in open court that this alleged bill of exceptions was pre-

sented to the trial judge in its present unbound form and upon the last day of the ten days allowed to the trial judge to settle and sign the same; that what he did was simply to sign his name to a detached sheet to a certificate stating that it was a true bill of exceptions, and that this mass of typewritten sheets was then taken away by the stenographer instead of being filed in court, and for the purpose as stated to the trial judge of being bound. It next appears in court, having been transmitted to this court by the trial judge, in the form in which it now exists.  Under this state of affairs, as to the bill of exceptions the court is of opinion that it can not make any findings upon questions arising on the bill of exceptions, where the bill does not present the entire record of what took place upon the trial, even if there might be some errors apparent in the portion of the record before the court, although none have been called to the court's attention.  They might have been corrected or eliminated at other points where the record is missing because even if a court may fall into error, it may correct such errors ordinarily afterward, before the case is submitted to the jury.

The court has carefully gone over the charge of the court below to the jury and it seems to correctly state the law in such a case, and no argument has been directed against it and no specific complaint is made of it in the petition in error, although there is a general complaint that the court erred in many other respects.  But courts do not search for errors not affecting jurisdiction where they are not assigned or pointed out.  After careful consideration of the questions presented, the court finds no prejudicial error and the judgment of the court below must be affirmed and the petition in error dismissed at costs of the plaintiff in error.